IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES LAFAYETTE McGEE** § | | **PETITIONER** |
| **#L7157** § | | |
| § | | |
| v. § | | Civil Action No. 1:15-cv-218-HSO-JCG |
| § | | |
| **JACKAQULINE BANKS, ET AL.** § | | **RESPONDENTS** |

**REPORT AND RECOMMENDATION**

BEFORE THE COURT is the Application of Petitioner Charles Lafayette McGee[1] for Writ of Habeas Corpus [2] pursuant to 28 U.S.C. § 2254. Respondents Jackaquline Banks, Wendy E. Borries, Richard C. Conant, Robert P. Krebs, and Sherry Thornton have filed a Motion to Dismiss [12] pursuant to 28 U.S.C. § 2244(d), asserting that McGee's Petition is barred by the statute of limitations. Specifically, Respondents submit that, to the extent McGee challenges his conviction and sentence, his Petition was filed over eight years late; and to the extent McGee alleges that he was improperly denied an earned-time allowance against his sentence, his Petition was filed over ten years late. McGee responds by claiming new evidence and urging that his Petition is "not time barred . . . because of being civil rights violations." (ECF No. 38). Having considered the submissions of

---

[1]In the underlying state court proceedings, Petitioner's surname was spelled "Magee." In the pleadings filed in this case, Petitioner has listed his name as both "McGee" and "Magee." This Report and Recommendation will refer to Petitioner as "McGee" in order to be consistent with the style of the case.

-1-

the parties, the record, and relevant law, the undersigned United States Magistrate Judge recommends that Respondents' Motion to Dismiss [12] be granted because McGee's habeas claims are time-barred. McGee also failed to exhaust his state remedies before filing suit in federal court.

## I. FACTS AND PROCEDURAL HISTORY

On September 4, 2003, McGee was convicted of murder in the Circuit Court of Jackson County, Mississippi. He was sentenced to a term of life in the custody of the Mississippi Department of Corrections ("MDOC"). On June 21, 2005, the Mississippi Court of Appeals affirmed McGee's conviction and sentence. *See McGee v. State,* 314 So. 2d 729 (Miss. Ct. App. 2005), *reh'g. denied* October 11, 2005. McGee did not seek a writ of *certiorari* to the Mississippi Supreme Court, and he did not pursue postconviction collateral relief in State court.

On March 4, 2015, Petitioner filed a Complaint [1] in this Court seeking damages and other relief regarding his conviction, sentence, and conditions of incarceration at the South Mississippi Correctional Institution in Leakesville, Mississippi. The Court severed Petitioner's habeas claims. (ECF No. 1). Petitioner's 42 U.S.C. § 1983 suit, *McGee v. Krebs,* Civil Action No. 1:15cv65-LG-RHW, was dismissed on November 18, 2015. His § 1983 claims were found to be frivolous, and Petitioner was issued a strike.

In this case, Petitioner seeks habeas relief on sundry grounds with respect to his criminal trial, including various alleged violations of the Sixth and Fourteenth Amendments. Petitioner amended his habeas Petition on September 8, 2015,

submitting that habeas relief is further warranted because he is being denied earned-time allowance towards his sentence. Order [9].

## II. DISCUSSION

A. The AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies in this case and provides in part as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under subsection (d)(1)(A), the "one-year period begins to run from the date on

which the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Mark v. Thaler*, 646 F.3d 191 (5th Cir. 2011)(internal citations and quotations omitted).

### 1. Petitioner's Claims are Barred by the Statute of Limitations

Petitioner's conviction and sentence were final on October 25, 2005, fourteen (14) days after the Mississippi Court of Appeals denied Petitioner's motion for rehearing on October 11, 2005. Fourteen days is added because this is the time period during which Petitioner could have sought *certiorari* review. *See* M.R.A.P. 17(b).

Under the prisoner mailbox rule, McGee's Petition is deemed filed on the date that McGee delivered the Petition to prison officials for mailing to the district court. *Richards v. Thaler,* 710 F.3d 573, 576 (5th Cir. 2013). McGee's Petition was "filed" sometime between the date it was signed on February 25, 2015, and the date it was received by the Clerk of Court on March 4, 2015.

Assuming in McGee's favor that the Petition was filed on February 25, 2015, the Petition was filed over nine years after McGee's conviction and sentence were final on October 25, 2005. To the extent McGee challenges his conviction and sentence, his Petition was filed over eight years late.

As for his earned-time allowance claim, the date of the printed time sheet attached to McGee's Motion to Amend indicates that McGee's sentence was calculated on December 8, 2003 (ECF No. 4, at 3), shortly after he was sentenced on September

4, 2003. (ECF No. 12-1).[2] Any petition challenging McGee's eligibility for an earned-time allowance was due December 8, 2004. McGee's Petition, with respect to the earned-time-allowance claim, was filed over ten years late.

2. <u>The Statute of Limitations Should Not Be Tolled</u>

Neither statutory nor equitable tolling of the statute of limitations is warranted. None of the statutory tolling provisions listed in § 2244(d)(1)(B-D) apply. Though Petitioner claims that he has newly discovered evidence of falsified records by the coroner, he has not provided the Court with any such evidence. McGee also references a detective on his case who allegedly committed perjury in another case. However, McGee does not name the detective or offer evidence to support his claim.

"To be entitled to equitable tolling, a petitioner has the burden of showing (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013). McGee submits that his claims are not barred because he is alleging fundamental civil rights violations. Pet.'s Resp. [37] at 1; Letter [38] at 1. This position is legally-unsupported. "[E]quity is not intended for those who sleep on their rights." *In re Johnson,* 325 F. App'x 337, 341 (5th Cir. 2009).

---

[2]According to an MDOC Earned Release Allowance policy submitted by McGee, offenders sentenced after May 1, 2005, for the crime of murder are not eligible for earned-release allowance. (ECF No. 4-1, at 2). A letter dated February 12, 2015, from MDOC to McGee advises McGee that he does not meet the criteria for meritorious earned time because he is servicing a life sentence for murder. (ECF No. 32-1).

B.     Failure to Exhaust State Remedies

Petitioner did not seek *certiorari* review in the Mississippi Supreme Court on direct appeal nor did he seek postconviction collateral relief in State court. According to McGee:

> OK here is why I did not do a PCCR. Why do one when I'm going right back to the same court that did this to me. Why bang my head against a wall. It would not make sense to. All a person gets is a bad headache.

(ECF No. 7).

The AEDPA requires that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009). In order to satisfy this exhaustion requirement, a petitioner "must 'fairly present[ ]' his legal claim to the highest state court in a procedurally proper manner" such that the state courts are apprised of the constitutional foundation of the claim. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (citations omitted).

When a petitioner "fails to exhaust available state remedies, and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred," a procedural default occurs. *Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005) (citing *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997); *Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001)). Procedurally defaulted

claims may not be reviewed unless "'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (quoting *Hughes v. Quarterman,* 530 F.3d 336, 341 (5th Cir.2008)(quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991))).

Because McGee has failed to demonstrate cause, which is "something external to the petitioner that cannot be fairly attributed to him," the Court need not question whether there is actual prejudice. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991); *see Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citing *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)).

The miscarriage of justice exception is a "gateway" to obtain review of an otherwise procedurally-barred claim and is reserved for a petitioner who "is 'actually innocent' of either the offense giving rise to his conviction or 'actually innocent' of the death penalty." *McCleskey v. Zant,* 499 U.S. 467, 493-94 (1991) (citing *Schlup v. Delo,* 513 U.S. 298, 326–27 (1995); *Sawyer v. Whitley,* 505 U.S. 333, 340 (1992)). In "rare" and "extraordinary case[s]," a federal habeas petitioner may overcome a procedural default in state court by demonstrating a "fundamental miscarriage of justice." *Schlup v. Delo,* 513 U.S. 298, 321 (1995). To do so, a petitioner must "establish through new and reliable evidence that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Woodfox v. Cain,* 609 F.3d 774,

794 (5th Cir. 2010). McGee has offered no new evidence nor expressed in an unequivocal manner that he is actually innocent of murder. He cannot proceed through the "gateway" and pursue his procedurally-barred claims.

### III. RECOMMENDATION

It is recommended that Respondents' Motion to Dismiss [12] be granted and that McGee's 28 U.S.C. § 2254 Petition for writ of habeas corpus be dismissed with prejudice as barred by the AEDPA's statute of limitations. Alternatively, the Petition should be dismissed because McGee did not exhaust the remedies available to him in State court before filing a habeas petition in federal court.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the

proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 14th day of June, 2016.

<u>*s/ John C. Gargiulo*</u>
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE