IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES LAFAYETTE MCGEE** | § | **PETITIONER** |
| | § | |
| v. | § | Civil No. 1:15cv218-HSO-JCG |
| | § | |
| **JACKAQULINE BANKS, et al.** | § | **RESPONDENTS** |

### MEMORANDUM OPINION AND ORDER
### OVERRULING PETITIONER'S OBJECTION [45],
### ADOPTING REPORT AND RECOMMENDATION [43],
### GRANTING RESPONDENTS' MOTION TO DISMISS [12],
### AND DISMISSING AMENDED PETITION [6]

BEFORE THE COURT is the Objection [45] to the Report and Recommendation [43] of United States Magistrate Judge John C. Gargiulo [43] filed by Petitioner Charles Lafayette McGee ("Petitioner"). The Magistrate Judge recommended that the Court grant the Motion to Dismiss [12] filed by Respondents Jackaquline Banks, Wendy E. Borries, Richard C. Conant, Robert P. Krebs, and Sherry Thornton (collectively, "Respondents"), and dismiss Petitioner's Amended Petition [6] for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 because Petitioner's habeas claims are time-barred pursuant to 28 U.S.C. § 2244(d) and because Petitioner failed to exhaust State remedies before filing suit in federal court as required by 28 U.S.C. § 2254(b)–(c).

Having considered the Report and Recommendation and conducted a de novo review of the portions to which Petitioner objects, the Court finds that Petitioner's Objection [45] should be overruled, and the Report and Recommendation [43] should be adopted as the finding of the Court. Accordingly, the Court will grant Respondents' Motion [12] to Dismiss. Petitioner's request for habeas relief

pursuant to 28 U.S.C. § 2254, will be denied and the Amended Petition [6] dismissed as time-barred pursuant to 28 U.S.C. § 2244(d), or in the alternative, for Petitioner's failure to exhaust State court remedies.  R. & R. [43], at 8.

## I.  BACKGROUND

Petitioner is an inmate at the South Mississippi Correctional Institute where he is serving a life sentence for murder.  Petitioner was convicted of murder in the Circuit Court of Jackson County, Mississippi, on September 4, 2003.  On June 21, 2005, the Mississippi Court of Appeals affirmed Petitioner's conviction and sentence.  *See Magee v. State*, 914 So. 2d 729, 738 (Miss. Ct. App. 2005).  Petitioner did not seek a writ of certiorari to the Mississippi Supreme Court or pursue postconviction collateral relief in State court.

Petitioner filed a 42 U.S.C. § 1983 action in this Court on March 4, 2015, and included habeas claims in his Complaint.  Petitioner's habeas claims were severed from the § 1983 action and his Petition [2] for Writ of Habeas Corpus was filed on July 8, 2015.  Order [1].  Petitioner filed an Amended Petition [6] on July 20, 2015.  On September 8, 2015, Petitioner's Motion to Amend was granted in part and the Court amended Petitioner's claims to include his allegations that he was unlawfully denied earned release allowance. Order [9].

On September 29, 2015, Respondents filed a Motion [12] to Dismiss based on the fact that each of Petitioner's habeas claims are time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and further because these claims are procedurally defaulted for failure to exhaust State court remedies.  Mot.

2

[12], at 6. On June 14, 2016, United States Magistrate Judge John C. Gargiulo entered a Report and Recommendation [43] recommending that the Court grant Respondents' Motion [12] to Dismiss and dismiss the Amended Petition [6]. Petitioner filed a series of motions, letters, and other miscellaneous filings which were considered by the Court in preparing the Report and Recommendation [43]. *See* Text Order entered June 14, 2016.

On June 27, 2016, Petitioner filed a one-page Objection [45] to the Report and Recommendation stating:

> This habeas corpus is not time barred but rather is procedurally defaulted on procedural grounds due to noncompletion of State remedies in respect to the nonfiling of a writ of certiorari to the Mississippi Supreme Court.

Petitioner then requested that the Court hold this action in abeyance until he exhausts his remedies with the Mississippi Supreme Court. *Id.* On June 28, 2016, Respondents filed a Notice [46] stating that they agreed with the Report and Recommendation and would not file a formal response to Petitioner's Objection.

## II. DISCUSSION

A. Standard of Review

Because Petitioner filed an Objection [45] to the Magistrate's Report and Recommendation [43], this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, the district court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v.*

3

*Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).  Nor must it consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  With respect to those portions of the Report and Recommendation to which Petitioner did not file objections, the Court reviews those findings under a clearly erroneous or contrary to law standard. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

In so reviewing Petitioner's Objection [26], the Court is mindful that Congress, through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241, *et seq.*, has restricted federal court review of habeas petitions filed on behalf of persons in State custody.  *White v. Thaler*, 610 F.3d 890, 898 (5th Cir. 2010).  Specifically, 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was *contrary to*, or *involved an unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an *unreasonable determination of the facts* in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  A decision is "contrary to clearly established federal law" under § 2254(d)(1) if "the state court (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and

4

reaches an opposite result." *Simmons v. Epps*, 654 F.3d 526, 534 (5th Cir. 2011) (citations omitted).

The AEDPA's substantively deferential posture towards the judgment of State courts goes hand in hand with its procedural requirement that a petitioner exhaust his remedies in State court before turning to the federal system for relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Comity, in these circumstances, dictates that [the petitioner] use the State's established appellate review procedures before he presents his claims to a federal court."); *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973) ("The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity."); *Deters v. Collins*, 985 F.2d 789, 794 (5th Cir. 1993) ("[T]he most dominant and important concern of exhaustion is that of comity: State courts should have the first opportunity to make right their mistakes.").

Congress has generally prohibited federal courts from granting habeas relief to persons in State custody unless a petitioner first presents his claim to the State court. 28 U.S.C. § 2254(b)–(c). "To satisfy the exhaustion requirement, the petitioner must first present his claims to the highest state court in a procedurally proper manner so that it is given a fair opportunity to consider and pass upon challenges to a conviction, before those issues come to federal court for habeas corpus review." *Shelton v. King*, 548 F. Supp. 2d 288, 301 (S.D. Miss. 2008).

The AEDPA further limits a petitioner's time to file an application for writ of habeas corpus to one year from the date on which the State court's judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). This statute of limitations may be tolled under certain circumstances, none of which are present here. *See* § 2244(d)(1)(B)-(D). "To be entitled to equitable tolling, a petitioner has the burden of showing (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

B.  Petitioner's Objection

Petitioner's objection that his claims are not time-barred is conclusory and will be denied. *See Battle*, 834 F.2d at 421. Petitioner offers no facts or argument to contradict the well-reasoned and well-supported analysis of the Magistrate Judge as to when each of Petitioner's habeas claims accrued and expired. R. & R. [43] , at 3–5. Petitioner merely states "[t]his habeas corpus is not time barred" without further elaboration. Obj. [45], at 1. The Court has conducted a de novo review of the Magistrate Judge's findings on these grounds and agrees with them as stated in the Report and Recommendation [43]. *See Wilson*, 864 F.2d at 1221. The Court thus overrules Petitioner's first objection and adopts the findings of the Magistrate Judge that Petitioner's habeas claims are time-barred and should be dismissed.

Next, Petitioner objects to the Magistrate Judge's alternative recommendation that this case be dismissed because Petitioner's claims are procedurally defaulted for failure to exhaust State court remedies. R. & R. [43], at

6–8. Rather than dismiss this case for procedural default, Petitioner asks the Court to "hold" the case "in abeyance" until he has presented his claims to the Mississippi Supreme Court. Obj. [45], at 1. Petitioner states this objection in a conclusory fashion and references no extraordinary facts or circumstances that would justify such a procedure in this case. It is well-settled that, absent special or extraordinary circumstances, unexhausted habeas claims must be dismissed. *See O'Sullivan*, 526 U.S. at 845; *Slayton v. Smith*, 404 U.S. 53, 54 (1971) ("[A]bsent special circumstances, . . . rather than ordering retention of the case on the District Court's docket, the Court of Appeals should simply have vacated the judgment of the lower court and directed dismissal of the petition for failure to exhaust state remedies."); *Deters*, 985 F.2d at 797. Based on a de novo review of Petitioner's claims, no such special circumstances exist that would justify retention of this case on the Court's docket.

The Court will therefore overrule Petitioner's second objection and adopt the alternative finding of the Magistrate Judge that Petitioner's habeas claims are procedurally defaulted and should be dismissed.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner's Objection [45] to the Report and Recommendation [43] of Magistrate Judge John C. Gargiulo entered on June 14, 2016, is **OVERRULED**, and the Report and

Recommendation [43] is adopted as the finding of this Court with the additional findings made herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion [12] to Dismiss filed by Respondents Jackaquline Banks, Wendy E. Borries, Richard C. Conant, Robert P. Krebs, and Sherry Thornton is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Petitioner Charles Lafayette McGee's Amended Petition for Habeas Corpus [6] filed pursuant to 28 U.S.C. § 2254 is **DISMISSED**. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 8th day of July, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE